UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Patten

    v.                                      Civil No. 20-cv-1207-LM
                                            Opinion No. 2022 DNH 072 P

Metropolitan Property and Casualty
Insurance Company

**O R D E R**

Richard Patten brought suit in state court seeking coverage from Metropolitan Property and Casualty Insurance Company for fire damage to his property in Francestown, New Hampshire. Metropolitan removed the action to this court and moves for summary judgment, arguing that coverage is not available because the house was vacant before the fire. Patten objects. Metropolitan moved to strike two paragraphs in Patten's affidavit submitted in support of his objection to summary judgment. Patten did not file a response to the motion to strike. For the following reasons the court denies Metropolitan's motion for summary judgment (doc. no. 16) and its motion to strike (doc. no. 19).

**BACKGROUND**[1]

Richard Patten owned a home located at 593 Pleasant Pond Road, Francestown, New Hampshire, and had a homeowner's insurance policy through Metropolitan on the property. The policy covered the period from February 5, 2019,

---

[1] The court derives the following facts from the evidence submitted by the parties in support of their positions on summary judgment.

to February 5, 2020.  Patten lived at the home until December 15, 2015, when he left because of a dispute with his wife.  Patten's wife left the home on December 31, 2017.

At some point, the pipes in the house were damaged.  In April 2018, the Francestown building inspector told Patten that he could not approve the house for occupancy until the pipes were repaired, running water was restored, and the bathroom was operational.  Because those repairs were not done, no occupancy permit was issued for the house.

On August 17, 2019, the house was damaged by fire.  Patten made a claim to Metropolitan under the homeowner's policy for the damage.  Metropolitan denied the claim.  Patten filed suit seeking insurance coverage.

## DISCUSSION

I.   Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "carries with it the potential to affect the outcome of the suit."  French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quoting Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)).  A genuine factual dispute exists if "a reasonable jury could resolve the point in the favor of the non-moving party."  Id.  The court construes the

summary judgment record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores E., L.P., 14 F.4th 13, 17 (1st Cir. 2021).

Metropolitan moves for summary judgment based on a provision that, it argues, is required in standard fire insurance policies under New Hampshire Revised Statutes Annotated ("RSA") 507:22. The cited part of the statute provides:

> Conditions suspending or restricting insurance.
> Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 60 consecutive days; or (c) as a result of explosion or riot, unless fire ensues, and in that event for loss of fire only.

Id. Metropolitan contends that the policy issued to Patten does not cover the fire damage at his house, based on Part b of that provision. More specifically, Metropolitan contends that the house was vacant or unoccupied at the time of the fire, which precludes coverage. As Metropolitan acknowledges, it bears the burden to show that the damage to Patten's house is not covered by the policy it issued.[2] Matosantos Int'l Corp. v. Hartford Cas. Ins. Co., --- F. Supp. 3d ---, 2021 WL 5567003, at *2 (D.N.H. Nov. 29, 2021).

RSA 507:22 applies to standard fire insurance policies sold in New Hampshire. By contrast, the policy Metropolitan sold to Patten is a homeowner's policy. Indeed, the homeowner's policy sold to Patten does not follow RSA 507:22's

---

[2] Patten did not explicitly bring his suit pursuant to RSA 491:22. Nevertheless, Metropolitan concedes that the burden of proof pursuant to RSA 491:22-a applies in this case. See doc. no. 16-1 at 4.

3

standard form for fire insurance policies and does not appear to include the provision quoted above for "Conditions suspending or restricting insurance." Metropolitan does not cite a part of the policy to show where the cited provision may be found or explain why a statutory requirement for a standard fire insurance policy applies to Patten's homeowner's policy.

Under these circumstances, Metropolitan has not shown that it is entitled to summary judgment based on the "Conditions suspending or restricting insurance" provision in RSA 507:22.

II. <u>Motion to Strike</u>

Metropolitan moves to strike two paragraphs in Patten's affidavit that Metropolitan contends contradict Patten's deposition testimony. "When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994); <u>accord</u> Flaherty v. Entergy Nuclear Ops., Inc., 946 F.3d 41, 50 (1st Cir. 2019). On the other hand, a subsequent affidavit that explains or supplements unclear deposition testimony may be considered in opposition to a motion for summary judgment. Gillen v. Gallon Ambulance Serv., Inc., 283 F.3d 11, 26 (1st Cir. 2002).

Metropolitan argues that paragraphs 3 and 5 of Patten's affidavit are inconsistent with statements Patten made in his deposition, and should therefore be

stricken from the record and not considered in connection with its summary judgment motion.  Neither paragraph materially conflicts with the statements Patten made in his deposition so as to warrant striking it from the record.

The first dispute concerns how Patten described the timing and character of his visits to the property before the fire.  In paragraph 3, Patten states that he was at his property in Francestown consistently from before February 5, 2019 (the beginning of the policy period) through August 16, 2019.  He also asserts that—during this time—he worked on the property to maintain and secure it, and that he also ate, drank, and relaxed there.  At his deposition, Patten stated he had not been to the property for three days before the fire (the fire occurred on August 17, 2019), and that when he was there he walked around to check on the house and found that it was "good."  Doc. no. 19-4 at 2.  Metropolitan contends that Patten's affidavit statement that he was at his property through August 16 contradicts his statement in the deposition that he had not been to the property for three days before the fire.  Metropolitan reads the affidavit to mean that Patten stated he went to the property every single day.  Although Patten's affidavit could be interpreted to mean that he went to the property every day, his affidavit does not specifically say that.  Checking on the house is consistent with the affidavit statement about the reasons he went to the house.  In paragraph 3 of the affidavit, Patten characterizes his visits to the property differently but does not "clearly contradict," Colantuoni, 44 F.3d at 1, his deposition testimony.

Metropolitan's second basis for its motion to strike likewise concerns minor discrepancies between Patten's statements. In paragraph 5 of his affidavit, Patten states that he used propane tanks for cooking and heat at the property. At his deposition, Patten testified that he did not have electric space heaters at the property. Metropolitan contends that the statement that Patten used propane tanks for heat contradicts the deposition testimony that he did not have electric space heaters. Metropolitan is free to cross-examine Patten at trial about how he used the phrase "electric space heaters" during his deposition. But this statement in paragraph 5 of his affidavit (like that in paragraph 3) does not rise to the level of a contradiction warranting this motion to strike.

There being nothing "clearly contradictory" between the challenged affidavit statements and the deposition testimony, the motion to strike is denied.

## CONCLUSION

For these reasons, Metropolitan's motion to strike (document no. 19) and motion for summary judgment (document no. 16) are denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

June 13, 2022

cc: Counsel of record.